**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 1:18-cv-00419-MSK-SKC

JADA DAVIS,

    Plaintiff,

v.

JOHN SPEZZE,
JOE MCGUIRE, and
TRACY JACKSON,

    Defendants.

---

**ORDER ON PENDING MOTIONS AND DIRECTING CLOSURE OF THE CASE**

---

    **THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (**#26**). Plaintiff Jada Davis[1] has not filed a response. Also before the Court is Ms. Davis' Motion for Reconsideration of an Order issued by Judge Babcock dismissing claims against certain Defendants. (**#21**).

### Statement of Jurisdiction

    The instant lawsuit asserts an Eighth Amendment claim pursuant to 42 U.S.C. § 1983. Thus, the Court exercises jurisdiction under 28 U.S.C. § 1331.

### MOTION FOR RECONSIDERATION

    Before turning to the Motion to Dismiss, the Court briefly addresses Ms. Davis' pending Motion for Reconsideration (**#21**). It seeks reconsideration of a May 14, 2018 Order (**#13**)

---

[1] Ms. Davis is proceeding a *pro se*. In such cases, the Court will construe *pro se* pleadings and other filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

1

dismissing claims against the Chaffee County Sheriff's Office and the Board of Commissioners of the County of Chaffee. The Order found that the Chaffee County Sheriff's Office is not a proper party because it is not separate entity from the County of Chaffee, and thus any claim must be asserted against the County. With respect to the Board of Commissioners, the Order concluded that because Ms. Davis has asserted no allegations that might allow the Court to find that Ms. Davis' injury was caused by a municipal policy or custom, she had not stated a claim against it.

In her Motion for Reconsideration, Ms. Davis does not appear to address the deficiencies identified in the Order. She apparently believes that the claims against the Chaffee County Sheriff's Department and the Board of Commissioners of the County of Chaffee were dismissed as duplicative of claims brought in another case. Since that was not the basis of the dismissal, her Motion for Reconsideration is **DENIED.**

## MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT

Ms. Davis initiated this lawsuit on February 20, 2018, by letter (**#1**), which was supplemented by a formal Complaint (**#4**), and then an Amended Complaint. (**#8**). The Amended Complaint asserts an Eighth Amendment claim against Defendants John Spezze, Tracy Jackson and Joe McGuire.[2] Defendants responded to the Amended Complaint by filing a document entitled "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (**#26**). Among the arguments Defendants raise is that Ms. Davis failed to exhaust the administrative remedies available to her at the Chaffee County Jail as required by the Prison Litigation Reform Act (the "PLRA"), 42 U.S.C. §1997e. Because the Motion relies on matters outside parameters of Ms. Davis' letter, initial Complaint and Amended Complaint, the Court

---

[2] Claims against the other defendants named in the first Complaint were dismissed (**#13**).

2

addresses the Motion as one for summary judgment. *See: Fitzgerald v. Corr. Corp. of America*, 403 F.3d 1134, 1140-41 (10th Cir. 2005).

**Undisputed Facts**

Because Ms. Davis participates *pro se* and has not responded to the Motion, the Court interprets her allegations in the Amended Complaint (**#8**) liberally, treating them as true. Summarized briefly, Ms. Davis was a convicted inmate serving a one year sentence at the Chaffee County Jail. (**#4**, at p. 5.) During September 2017, and from October 30, 2017 through May 7, 2018, Ms. Davis was detained in cells at the Chaffee County Jail, where she was exposed to black mold. This exposure caused her to have nosebleeds, shortness of breath, a burning sensation in her nose, and other respiratory symptoms. She asked jail staff, particularly Tracy Jackson and Joe McGuire, to remove the black mold, but they did not do so. Mr. Spezze, who ultimately is responsible for supervising the jail, also was aware of the mold but did not take steps to have it removed.

The jail had a four-step grievance process. (**#26-1**, at pp. 2, 5-6.) The inmate handbook stated that "[s]hould [an inmate] feel personally aggrieved about any matter," compliance with the specified administrative steps was mandatory. (*Id.* at p. 5.) The administrative grievance process required that: 1) an inmate discuss his or her problem with a Detention Deputy; 2) if that did not resolve the problem, the inmate should submit a kite (a written request) to the Shift Supervisor explaining the problem; 3) if the response to the kite did not satisfy the inmate, he or she should submit a formal grievance to a jail supervisor; and 4) if the grievance did not resolve the issue to the inmate's satisfaction, he or she should submit a sealed letter to the Detention Jail Center Commander. (*Id.* at pp. 5-6.) According to Defendants, Ms. Davis submitted three kites and a

grievance raising concerns about black mold. None occurred prior to the filing of this lawsuit, with the earliest being submitted on April 10, 2018.

Defendants argue they are entitled to summary judgment based on Ms. Davis' failure to exhaust her available administrative remedies as required by the PLRA.

**Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Thus, the primary question presented to the Court in considering a Motion for Summary Judgment or a Motion for Partial Summary Judgment is: is a trial required?

A trial is required if there are material factual disputes to resolve. As a result, entry of summary judgment is authorized only "when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016). A fact is material if, under the substantive law, it is an essential element of the claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the conflicting evidence would enable a rational trier of fact to resolve the dispute for either party. *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

The consideration of a summary judgment motion requires the Court to focus on the asserted claims and defenses, their legal elements, and which party has the burden of proof. Substantive law specifies the elements that must be proven for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson*, 477 U.S. at 248; *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). As to the evidence offered during summary judgment, the Court views it the light most favorable to the non-moving party, thereby favoring the right to trial. *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215

(10th Cir. 2013).

When, as here, the party moving for summary judgment has the burden of proof, the party must come forward with sufficient, competent evidence to establish each element of its claim or defense. *See* Fed. R. Civ. P. 56(c)(1)(A). Presumably, in the absence of contrary evidence, this showing would entitle the movant to judgment as a matter of law. However, if the responding party presents contrary evidence to establish a genuine dispute as to any material fact, a trial is required and the motion must be denied. *See Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013).

**Analysis**

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *accord Beals v. Ja*y, 730 Fed. App'x 633, 636 (10th Cir. 2018). This exhaustion requirement protects administrative agency authority and promotes efficiency. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Courts have universally interpreted exhaustion of administrative remedies to be mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Jennings v. Dowling*, 642 Fed. App'x 908, 915 (10th Cir. 2016).

Because failure to exhaust is an affirmative defense, a defendant "bear[s] the burden of asserting and proving that a plaintiff did not utilize administrative remedies." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). To prevail on the defense, there must be a showing that there are 1) "available" administrative remedies and that 2) the plaintiff-inmate has not exhausted them before filing suit. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Defendants have made the requisite showing that there was an available administrative remedy, and Ms. Davis had not exhausted it prior to filing her lawsuit. There is no contrary evidence of record, even taking Ms. Davis' allegations as true, that establishes that she exhausted her administrative remedies at the jail before filing this suit. As a consequence, Defendants are entitled to Dismissal of this action.

Defendants' Motion (**#26**) is **GRANTED**. Ms. Davis' claim is **DISMISSED without prejudice** for failure to exhaust administrative remedies as required by the PLRA. Because all claims in this action are resolved, the Clerk of the Court shall close the case.

Dated this 25th day of October, 2018.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge